WYATT v. MOORE et al.

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 21, 1912.)

1. APPEAL AND ERROR (§ 930*) — PRESUMPTIONS.

The court on appeal must presume that the jury followed the instructions of the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3755–3761; Dec. Dig. § 930.*]

2. TRIAL (§ 253*)—INSTRUCTIONS—IGNORING EVIDENCE.

Where in an action on a party wall contract stipulating that plaintiff should erect a party wall, and that defendant on using the wall should pay one-half of the then value of such part as he should use, the evidence showed a use by defendant of the wall a year or more after its erection, and plaintiff testified to the original cost, and his testimony was the only evidence on the issue of the amount of the recovery, a charge authorizing a recovery for an amount equal to one-half of the cost of the wall with interest from the date of the beginning of the use by defendant was affirmatively erroneous for ignoring the amount of the recovery fixed in the contract.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

3. EVIDENCE (§ 590*)—WEIGHT—CREDIBILITY OF WITNESSES.

The jury may discredit in part the testimony of an interested witness.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2439; Dec. Dig. § 590.*]

4. PARTY WALLS (§ 10*)—VALUE—COST.

In an action on a party wall contract stipulating that plaintiff should construct a wall, and that defendant on using it should pay one-half of the then value of the part used, evidence of the original cost of the wall was relevant on the question of its value at the time defendant made use of it a year or more after its construction.

[Ed. Note.—For other cases, see Party Walls, Cent. Dig. §§ 54–64; Dec. Dig. § 10.*]

5. APPEAL AND ERROR (§ 216*) — INSTRUCTIONS—REQUESTS—NECESSITY.

Where a charge is affirmatively erroneous, a request for a special charge is not required.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 216.*]

Conner, C. J., dissenting.

Appeal from Wichita County Court; C. B. Felder, Judge.

Action by R. M. Moore and others against Wiley Wyatt, who pleaded over against his alleged tenants. From a judgment in favor of the tenants against defendant and in favor of plaintiffs against defendant, he appeals. Reversed and remanded.

Montgomery & Britain, of Wichita Falls, for appellant. L. H. Mathis and Huff, Barwise & Bullington, all of Wichita Falls, for appellees.

CONNER, C. J. This suit was instituted by appellees R. M. Moore, Mrs. Mattie Knight, and C. C. Knight against Wiley Wyatt, appellant, upon a party wall contract for one-half the value of a wall placed on the dividing line between lot 1, block 175, in the city of Wichita Falls, owned by the plaintiffs, and lot 2, same block, owned by the defendant. The contract is made an exhibit to the petition, and, among other things, obligates R. M. Moore and Mrs. Mattie Bateman, since intermarried with the appellee C. C. Knight, to erect on the dividing line between the two lots mentioned a good, substantial, brick wall to be considered a party wall. It was provided that the wall should be built so as to leave proper projections for floor sills and proper openings for joists for the benefit of Wiley Wyatt, so that he might build and join said wall on his side in the same manner as the other parties did on their side. It was further provided that, whenever Wyatt desired to build on the lot owned by him, he would then pay the other parties "one-half of the then value of such portion of the said wall as he shall use; that is, one-half of the then value of that part of the said wall which he shall actually use." The contract was executed on the 4th day of March, 1908, and the plaintiffs alleged that they had erected the wall on the dividing line as provided for in the contract, and that the defendant was using one story of said wall, and had so used it for two years, and they prayed judgment for $500 as one-half of the reasonable value of the wall as used by the defendant. The defendant pleaded the general denial and specially, to the effect that the structure on his lot such as it was had been erected without his consent by tenants to whom he had leased the ground; it having been specially provided between him and his said tenants that they were not to use the party wall. The defendants also pleaded over against certain of his alleged tenants charging that by the terms of the lease to

them that they agreed to save him harmless from any suit growing out of any violation of the agreement not to use the party wall. A trial before a jury resulted in a judgment in favor of the tenants whom Wyatt had interpleaded and against Wyatt in favor of the plaintiffs R. M. Moore and Mr. and Mrs. Knight for the sum of $447.50, with interest at 6 per cent. per annum from September 1, 1909.

Numerous errors have been assigned by the defendant Wyatt on this appeal from the judgment mentioned, but, in view of the criticisms made and of the reversal of the judgment, it is thought that many of the questions presented will not likely arise on another trial, and that, therefore, it will be sufficient for the purposes of the present appeal to discuss but a single assignment, to wit, appellant's fifth assignment of error. Therein it is urged that the court erred in giving the following section of his charge: "If you believe from the testimony in this case that the defendant, Wiley Wyatt, through his lessees, or either of them, with said Wyatt's knowledge and acquiescence, has been using the brick wall described in the plaintiff's petition to the height of its first story as the north wall of a one-story building erected on lot 2, in block 175, of the city of Wichita Falls, Tex., and that such building, if any, was and is fixed to and joined to the said wall built by Moore, and that defendant, Wyatt, has been receiving an income from said one-story building so erected, then you will find for the plaintiffs for an amount equal to one-half of the cost of the wall as constructed by Moore, with interest thereon at the rate of 6 per cent. per annum from the date of the beginning of the use of such wall by Wyatt, defendant."

[1–5] Among other things it is insisted that the evidence fails to show that appellant's tenants ever constructed any such building on his lot or made any such use of the party wall as fell within the terms of his agreement, or that, if so, there was no evidence that appellant ever knew or acquiesced in the use of the wall made by his tenants, but these contentions as well as the contentions under all other assignments of error have been overruled by the majority composed of the writer and Justice Dunklin (Justice Speer dissenting) for various reasons not deemed necessary to state. A further objection to the charge quoted, however, is that "said charge fails to give the proper measure of recovery, in that the contract sued on expressly provides that when the same is used by Wyatt in the construction of a building, that he shall pay the then value of one-half of the wall, while the charge authorizes and directs the jury to find one-half of the cost of the wall as constructed by Moore." And the majority, consisting of Justices Speer and Dunklin, conclude that the quoted objection to the charge is well taken,

and that the error thus pointed out will require a reversal of the judgment. In their opinion, as expressed by one of the majority: "It must be presumed that the jury followed the court's instructions. If so, then they did not pass upon the question of the present value of the wall, but confined their inquiry to its original cost. If the wall was used by Wyatt in such manner as to render him liable to plaintiff under the contract, the time he began to use it was some year or more after its construction. R. M. Moore testified to its original cost, and his testimony was the only evidence introduced upon the issue of the measure of damages. But the jury did not allow one-half of the cost named by Moore of that portion used by defendant, if any. The majority are unable to conclude that the jury intended by their verdict to allow one-half of the present value of the wall, and that the amount allowed was determined by deducting from the cost price a reasonable sum by reason of depreciation in the value from the time of construction to the time defendant used it, as insisted by appellee. Moore was an interested witness, and the jury were authorized to discredit his testimony in part at least, and to allow the amount of damages assessed as one-half the cost of the wall actually used by Wyatt. And it must be presumed that they arrived at their verdict in this manner. The testimony of Moore as to the original cost was relevant to its present value, and, the charge being affirmatively erroneous, no request for special charge was required."

The terms of the contract pertinent to the discussion have already been set out, in addition to which it is to be borne in mind that, as stated by the majority, the only evidence on the subject of the value of the wall was that of appellee R. M. Moore, who testified in substance, that the plaintiffs had erected as provided in the contract a party wall with a foundation 42 inches wide, 21 inches on each side of the party line, building thereon a brick wall 18 inches thick, 9 inches on each side of the party line; that their building had been erected two stories high, and extended back from the front 100 feet; that the whole wall one story high cost approximately $1,000, and that one-half of which would be $500. It is, of course, apparent that the criticism of the charge is technically well taken, for, as stated, the contract provided that appellant should pay for "one-half of the then value of such portion of the said wall as he shall use; that is, one-half of the then value of that part of the said wall which he shall actually use."

The writer, however, is of the opinion that the error is entirely harmless. The issue of the wall's cost seems not to have been contested. Appellant neither objected to the evidence, nor by special charge or otherwise insisted that the inquiry should be confined to the value of the wall at the time of its

user by him. The evidence showed without dispute that the wall was a solid, well built, thick, brick wall, erected but a year or two previous to appellant's use of it, and there is no evidence indicating that there was any material change in the wall, or that it was of less value at the time of its use than the cost of construction, so that, applying our new rule on the subject of reversals, it is altogether improbable "that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment in the case." In the opinion of the writer the assignment particularized, as well as all other assignments, should be overruled and the judgment affirmed.

In accordance with the opinion of the majority, however, it is ordered that the judgment be reversed, and the cause remanded for the error pointed out.